# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| GLENDA PALMER, *et al.*, | |
| Plaintiffs, | 2:09-cv-01791 JWS |
| vs. | ORDER AND OPINION |
| STATE OF ARIZONA, *et al.*, | [Re: Motion at Docket 136] |
| Defendants. | |

## I. MOTION PRESENTED

At docket 136, plaintiffs Glenda Palmer, *et al.,* move to amend the scheduling order filed at docket 66 and for leave to file a second amended complaint. At docket 141, defendants State of Arizona and Preston Gamblin oppose the motion. Plaintiffs reply at docket 144. Oral argument was not requested, and it would not assist the court.

## II. BACKGROUND

On July 31, 2009, plaintiffs filed a complaint in Superior Court for the State of Arizona, alleging federal civil rights claims and state tort claims against defendants State of Arizona, Arizona Department of Corrections ("ADOC"); Dora Schriro, director of ADOC; Greg Fizer, warden of Arizona State Prison Complex ("ASPC") Tucson; Robert

Stewart, warden of ASPC Eyman; Robin Smithson, executive staff assistant to Robert Stewart; Tara Diaz, deputy warden of ASPC Eyman; Preston Gamblin, corrections officer at ASPC Eyman; Herb Haley, protective segregation administrator; Tony Valenzuela, lieutenant at ASPC Tucson; John Doe Bittman, Mark Versluis, and other defendants. All of plaintiffs' claims are related to the stabbing death of Timothy Lucero on September 4, 2008, while he was incarcerated at ASPC Tucson - Cimarron Unit.

On October 30, 2009, plaintiffs filed a first amended complaint removing ADOC as a party, dropping their claim of negligent infliction of emotional distress, and adding a wrongful death claim. At docket 35, defendants State of Arizona, ADOC, Robin Smithson, Preston Gamblin, Herb Haley, Tony Valenzuela, Mark Versluis, Tara Diaz, and Christopher Bittman moved to dismiss most of plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). At docket 47, defendant Dora Schriro moved to dismiss all of plaintiffs' claims against her. By order dated April 5, 2010, the court granted defendant Schriro's motion to dismiss and granted in part and denied in part defendants' motion to dismiss at docket 35.[1] The following claims remain for resolution following the court's order: plaintiffs' Eighth Amendment claims under 42 U.S.C. § 1983 against defendants Stewart, Fizer, and Gamblin, recklessness and gross negligence claim against defendant State of Arizona, and prayer for punitive damages.

Defendants Fizer and Stewart subsequently filed Rule 12(b)(6) motions to dismiss plaintiffs' claims against them.[2] By order dated August 9, 2010, the court

---

[1]Doc. 53.

[2]Docs. 54 and 56.

granted defendant Fizer's motion to dismiss and denied defendant Stewart's motion to dismiss on the grounds that the facts alleged by plaintiffs, accepted as true and construed in the light most favorable to plaintiffs, support an Eighth Amendment violation against Stewart based on a failure to prevent harm.[3]

On November 3, 2010, the court entered a scheduling and planning order pursuant to Federal Rule of Civil Procedure 16(b), which stated in part that motions to add other parties or amend the pleadings must be filed within 45 days from the date of the Rule 16(b) order, and that thereafter "parties may be added and/or pleadings amended only upon leave of court and for good cause shown."[4] Based on subsequent motion practice, the court extended the dispositive motions deadlines to 30 days from the date the court rules on plaintiffs' motion for leave to file a second amended complaint, and also extended several discovery deadlines.[5]

On June 20, 2011, plaintiffs filed the underlying motion to amend the Rule 16(b) scheduling order and for leave to file a second amended complaint to add Ronald Carlson as a defendant to their claim under 42 U.S.C. § 1983. Defendants State of Arizona and Preston Gamblin oppose the motion.

### III. APPLICABLE LEGAL STANDARD

Once the district court has filed a scheduling order pursuant to Federal Rule of Civil Procedure Rule 16(b) establishing a timetable for amending pleadings, the

---

[3]Doc. 62.

[4]Doc. 66.

[5]Docs. 132 and 143.

standards of Rule16(b) control.[6]  Pursuant to Rule 16(b), a scheduling order entered by the court "shall not be modified except upon a showing of good cause and by leave of the district judge."  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."[7]  "If the party seeking the amendment was not diligent, the inquiry should end" and the motion should not be granted.[8]  If good cause if shown, the party must demonstrate that amendment was proper under Rule 15.[9]  Under Rule 15(a), "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."[10]

## IV.  DISCUSSION

Plaintiffs seek leave to amend the Rule 16(b) scheduling order so they can file a second amended complaint adding Ronald Carlson as a defendant to their claim under 42 U.S.C. § 1983.  Plaintiffs' proposed second amended complaint alleges in part that Ronald Carlson is Preston Gamblin's direct supervisor, Gamblin testified in his April 2011 deposition that he reported the threat against Mr. Lucero's life to Carlson, Carlson

---

[6] *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-607 (9th Cir. 1992).

[7] *Johnson*, 975 F.2d at 609.

[8] *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation and citation omitted).

[9] *Johnson*, 975 F.2d at 608 (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

[10] *Id.* at 607.

ignored the threat and failed to timely submit an Information Report ("IR") outlining the threat to ASPC Tucson, and Carlson failed to initiate a protective segregation process.

Defendants oppose the motion to add Carlson as a defendant on the grounds that plaintiffs have not shown excusable neglect for missing the deadline set in the Rule 16(b) scheduling order, have failed to show good cause for the amendment, and the proposed amendment would be futile because the claim against Carlson is time barred, and Carlson is not liable under § 1983.

Contrary to defendants' suggestion, plaintiffs are not required to show excusable neglect for modifying the Rule 16(b) order. Rather, Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. Plaintiffs contend that they did not learn of Mr. Carlson's identity or his failure to start a protective segregation process for Mr. Lucero until Preston Gamblin's deposition on April 12, 2011. Plaintiffs then reviewed "extensive records" to verify that Mr. Carlson had been mentioned in the records and found that Carlson was listed on an IR that Mr. Gamblin submitted concerning the threat to Mr. Lucero's life and that Mr. Carlson was interviewed in October 2008 regarding Lucero's death. Plaintiffs further contend that they "did not learn the significance of an IR (where Sgt. Carlson was named) until the depositions of ADOC personnel in the spring of 2011 as Plaintiffs were seeking a [protective segregation] report."[11] After verifying Carlson's involvement, plaintiffs filed the underlying motion to amend the Rule 16(b) scheduling order and for leave to file a second amended complaint on June 20, 2011.

---

[11]Doc. 144 at p. 6.

Although plaintiffs moved to modify the scheduling order to file an amended complaint six months after the deadline set in the scheduling order, it appears that during those six months plaintiffs worked diligently to set depositions and review the investigative and administrative files. Because plaintiffs moved to amend the scheduling order and for leave to file an amended complaint shortly after learning of Mr. Carlson's identity and role, the court finds that plaintiffs have shown diligence in complying with the dates set by the court's Rule 16(b) scheduling order and have demonstrated good cause for modifying the scheduling order.

Because plaintiffs have shown good cause under Rule 16(b), the court next considers whether amendment is proper under Rule 15(a). Under Rule 15(a), "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."[12] Defendants contend that the proposed amendment would be futile because the § 1983 claim against Mr. Carlson is time barred, and Mr. Carlson is not liable under § 1983. Defendants specifically argue that the § 1983 claim against Carlson is barred by the applicable two-year statute of limitations unless the claim relates back to the original complaint under Federal Rule of Civil Procedure 15(c).[13] The Ninth Circuit has affirmed that state law, "not the Federal Rules of Civil Procedure, governs whether in a section 1983 action an amended complaint relates back to the filing of the original complaint."[14] Arizona Rule

---

[12]*Id.* at 607.

[13]Arizona's two-year statute of limitations for personal injury cases applies to plaintiffs' Section 1983 claims. *Krug v. Imbordino*, 896 F.2d 395, 396-397 (9th Cir. 1990).

[14]*Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989).

of Civil Procedure 15(c) provides that in certain circumstances an amended complaint "relates back to the date of the original pleading" for statute of limitations purposes. The purpose of Arizona Rule of Civil Procedure 15(c) is "to ameliorate the effect of the statute of limitations."[15]

> Rule 15(c) permits this amelioration upon three conditions: (1) the claim in the amended pleading must arise "out of the conduct, transaction, or occurrence" alleged in the original complaint; (2) "within the period provided by law for commencing the action against the party to be brought in by amendment, plus the period provided by Rule 4(i) for service of the summons and complaint," the new defendant must have "received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits"; and (3) during the same period, the new defendant either "knew or should have known that, but for a mistake concerning the identity of the proper party," the new defendant would have been named in the original complaint.[16]

The first requirement is not at issue here. The proposed second amended complaint plainly involves the same occurrence set forth in the original complaint. Second, the plaintiffs must show that Mr. Carlson received notice of the filing of the action "within the original limitation period plus the time allowed for service of process" so that he "will not be prejudiced in maintaining a defense on the merits."[17] "Under certain circumstances, notice and knowledge may be imputed from an original defendant to a new defendant," such as "when there is an 'identity of interest' between the two."[18] "Notice may also be imputed when the new and original defendants share

---

[15] *Tyman v. Hintz Concrete, Inc.*, 148 P.3d 1146, 1147 (Ariz. 2006) (internal citation omitted).

[16] *Tyman*, 148 P.3d at 1147-48 (internal citations omitted).

[17] *Pargman v. Vickers*, 96 P.3d 571, 576 (Ariz. App. 2005).

[18] *Pargman*, 96 P.3d at 577.

the same attorney."[19]  Here, most of the original defendants were ADOC employees and were represented by the Office of the Attorney General.  As Mr. Carlson is also an ADOC employee, is the direct supervisor of an original defendant, and will share the same attorney, notice may be imputed.

The third requirement of Rule 15(c) is satisfied when, during the specified time "within the original limitation period plus the time allowed for service of process," the new defendant "knew or should have known that, but for a mistake concerning the identity of the proper party," he would have been named in the original complaint.[20] "This knowledge requirement 'insures that the new defendant knew its joinder was a distinct possibility.'"[21]

"To decide whether a Rule 15(c)(2) 'mistake' has occurred, the court must determine 'whether, in a counterfactual error-free world, the action would have been brought against the proper party.'"[22] Consequently, the court looks at what the plaintiffs knew, or thought they knew, at the time of the original pleading.[23]  Plaintiffs contend that they made a mistake cognizable under Rule 15(c)(2) because they were mistakenly looking for a protective segregation report instead of an IR and even if they had known to look for an IR, the IR at issue was not included in the files obtained by plaintiffs at the time the complaint was filed.  The court is persuaded that Mr. Carlson "truly was omitted

---

[19]*Id.*

[20]*Tyman*, 148 P.3d at 1148 (quoting Ariz. R. Civ. P. 15(c)(2)).

[21]*Pargman*, 96 P.3d at 578.

[22]*Tyman*, 148 P.3d at 1149 (quoting *Leonard v. Parry*, 219 F.3d 25, 29 (1st Cir. 2000)).

[23]*Id.*

because of a 'mistake concerning the identity of the proper party.'"[24]  Moreover, given that Mr. Carlson was interviewed regarding the death of Mr. Lucero in October 2008 and was defendant Gamblin's direct supervisor at the time this action was instituted, Mr. Carlson knew or should have known that his joinder was a distinct possibility and that, but for a mistake concerning identity of the proper party, he would have been named in the original complaint.

Finally, defendants argue that plaintiffs' proposed § 1983 claim against Mr. Carlson is futile because violation of ADOC policy is not a sufficient basis for a § 1983 claim.  Defendants' argument is unavailing because it distorts plaintiffs' proposed claim against Mr. Carlson.  The proposed second amended complaint alleges that Mr. Carlson violated Mr. Lucero's Eighth Amendment rights by "failing to supervise Defendant Gamblin, failing to isolate Timothy despite the known risk to his safety, failing to submit [IR] number 08A0801435 timely to ASPC Tucson, failing to initiate the protective segregation process, and failing to instruct Gamblin to re-interview Lucero for protective segregation (DI-67)."[25]   Because plaintiffs have demonstrated good cause for amending the scheduling order and shown that the proposed second amended complaint is proper under Rule 15(a), the court will grant plaintiffs' motion.

---

[24]*Id.*

[25]Doc. 136-1 at p. 15.

## V.  CONCLUSION

For the reasons set out above, plaintiffs' motion at docket 136 to amend the scheduling order and for leave to file a second amended complaint is **GRANTED**.  The second amended complaint shall be filed within three (3) days from the filing of this order.

DATED this 1st day of August 2011.


                                        /s/ JOHN W. SEDWICK
                                        UNITED STATES DISTRICT JUDGE