UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| PALMER, *et al.*,              ) <br>                               ) <br>          Plaintiffs,     ) <br>                               ) <br>     vs.                       ) <br>                               ) <br> STATE OF ARIZONA , *et al.*,   ) <br>                               ) <br>          Defendants.    ) <br>                               ) | 2:09-cv-1791 JWS <br><br> ORDER AND OPINION <br><br> [Re: Motion at docket 232] |

## I.  MOTION PRESENTED

At docket 232 defendants State of Arizona and Preston Gamblin move to strike the expert reports of Donna Leone Hamm ("Hamm") and Matson W. Browning ("Browning"), and to preclude their testimony.  Defendant Robert Stewart joins in the motion at docket 233.  The three moving parties ("Defendants") are the only defendants who remain in this action.  Glenda Palmer and the other plaintiffs ("Plaintiffs") oppose the motion at docket 234.  Defendants' reply is at docket 237.  Oral argument was not requested, and it would not assist the court.

## II.  BACKGROUND

The parties are familiar with the facts giving rise to this action. Readers not familiar with the factual background are directed to the court's order at docket 221 which sets out the facts at length.

## III.  DISCUSSION

Federal Rule of Evidence 702 permits certain witnesses to offer expert opinion testimony. To give such testimony, the witness' "scientific, technical, or other specialized knowledge [must be helpful to] the trier of fact," and the witness must be qualified by "knowledge, skill, experience, training or education." In addition, the testimony must be "based on sufficient facts or data"; and it must be "the product of reliable principles and methods" reliably applied by the witness.[1]

To ensure that only expert opinion testimony that meets the rule's criteria is admitted, the Supreme Court held in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[2] that the trial court must act as a "gatekeeper." *Daubert* itself involved testimony of a scientific nature, and the Court set out several factors for the gatekeeper's consideration when the opinion testimony offered is of that type. Here, the opinion testimony on offer is not scientific in nature. In such cases, the trial court has "considerable leeway" in the execution of its gatekeeping function whose objective "is to ensure the reliability and relevancy of expert testimony."[3] The Ninth Circuit has explained that in such cases the

---

[1] Fed. R. Evid. 702.

[2] 509 U.S. 579 (1993).

[3] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).

gatekeeper's determination of testimonial reliability "depends heavily on the knowledge and experience of the expert."[4]

Plaintiffs propose to elicit testimony from Hamm "concerning whether Defendants complied with the Arizona Department of Corrections' policies, procedures and training regarding Timothy Lucero's incarceration."[5] Plaintiffs expect to present testimony from Browning "on whether Defendants complied with the Arizona Department of Corrections policies and training regarding Timothy Lucero's incarceration, specifically pertaining to the Aryan Brotherhood's involvement in the death of Timothy Lucero."[6] To be qualified to offer opinion testimony about compliance with policies and training relating to the actions of corrections personnel, Hamm and Lucero must have sufficient knowledge of and experience with the relevant corrections policies and procedures to make their opinions reliable. To offer opinion testimony regarding the involvement of the Aryan Brotherhood in the killing of Timothy Lucero, Browning must have sufficient knowledge of and experience with the activities of the Aryan Brotherhood to offer an opinion on its involvement in Timothy Lucero's death.

Defendants do not dispute the relevance of testimony concerning the pertinent corrections policies or the risks associated with the Aryan Brotherhood. Their motion is based on the argument that neither Hamm's nor Browning's testimony is reliable, because each lacks sufficient knowledge of and experience with the pertinent

---

[4] *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004).

[5] Doc. 232-1 at 61.

[6] *Id.*

3

corrections policies and procedures–the policies and procedures relating to the protection of inmates who are at risk of harm from other inmates.

### A. Browning's Aryan Brotherhood Testimony

Plaintiffs' summary of Browning's qualifications is as follows:

> Mr. Browning is a retired Gang Sergeant with 20 years of law enforcement experience, including 13 years in the Special Investigations Division and five years assigned to the FBI. He has extensively investigated ethnic street gangs and prison gangs, specifically the Aryan Brotherhood and Mexican Mafia. Mr. Browning also spent several years undercover with white supremacist and anti-government organizations. He is a court-certified gang expert and has personally interviewed over one-thousand gang members on the streets, in jails and in the prison system. As a gang sergeant, he supervised the suppression and intelligence gathering of gangs which required him to work closely with probation and parole."[7]

Defendants do not contest the accuracy of Plaintiffs' summary description of Browning's qualifications. Nor do they argue that he is not qualified to offer opinion testimony about the risks posed by the Aryan Brotherhood and how it might have been involved in Lucero's death. Rather, they focus on Browning's lack of qualifications to testify about correctional policies and procedures, a topic discussed in the next section, and on the proposition that Browning's opinion includes nothing more than testimony about correctional policies and procedures.

After reviewing Browning's qualifications, the court finds that he is qualified by knowledge and experience to testify about the activities of the Aryan Brotherhood. Even without more knowledge of and experience with prison policies and procedures, Browning's extensive experience with members of the Aryan Brotherhood and other gangs assures that his testimony about how the Aryan Brotherhood operates and the

---

[7] *Id.*

4

risks it poses in a variety of settings, including within the prison system, is reliable enough to be helpful to the jury. With respect to the argument that the opinions he has disclosed are limited to opinions about corrections policies and procedures, the court finds that Defendants conflate opinions about the risk posed by the Aryan Brotherhood with opinions parsing correctional policies and procedures. For example, one of the opinions Browning offers is that due to lack of action, "SSU Preston Gamblin ignored a substantial and justifiable risk of serious injury to Timothy Lucero."[8] That opinion rests squarely on Browning's knowledge of and experience with gangs, it is not dependent on any particular corrections policy or procedure. Browning's opinions about Sergeant Carlson, Investigator Ross, Warden Stewart, and Lieutenant Johnson are similar[9] and similarly rooted in Browning's expertise about gangs and the Aryan Brotherhood. The mere fact that in offering his opinions, Browning does refer to particular corrections regulations does not render his opinion improper anymore than an expert's reference to applicable law renders his opinion inadmissible.[10] The opinions offered by Browning about the conduct of Supervisor Dunn, Officer Aguilar, Lieutenant Scott, Deputy Warden Garcia, Warden Fizer, SSU Investigators, and Inspector #5–Perryville are directly dependent upon interpretation and application of specific correctional policies and procedures and may not be admitted in evidence based on Browning's expertise in gang behavior.

---

[8] Doc. 231-1 at 17.

[9] *Id.* at 15-16, 22, 24-25, 26-27.

[10] *Hangarter,* 373 F.3d at 1017.

Defendants also urge the court to foreclose Browning's testimony on the grounds that plaintiffs failed to provide all the information required by Rule 26(a)(2)(B)(iv)(v) and (vi) even after they provided supplemental disclosures.[11] Plaintiffs respond that they did in fact provide all the required information in the supplemental disclosures.[12] The supplemental disclosures show compliance with Rule 26(a)(2)(B)(vi).[13] The supplemental disclosures do not fully comply with subsections (iv) and (v) of the Rule. However, precluding Browning's testimony on that basis is too severe a sanction. Moreover, even if Browning has no publications and has not previously testified as an expert witness, he would remain qualified to offer opinion testimony about the Aryan Brotherhood and the risks it posed for Timothy Lucero. The only sanction which is appropriate in the circumstances is a requirement that within fourteen days from the date of this order, Plaintiffs shall provide Defendants with an additional supplement concerning Browning which complies completely and meticulously with the requirements of Rule 26(a)(2)(B)(iv) and (v). If Browning has no publications and no prior experience giving testimony as an expert, a simple statement that he has none will suffice to comply. Whatever the additional supplemental response, the information it discloses will come in ample time to allow its use by defendant in an attempt to undermine Browning's credibility at trial.

In sum, Browning will be allowed to testify at trial about the activities and organization of the Aryan Brotherhood and the risk it posed to Timothy Lucero as that

---

[11] Doc. 232 at 13-15.

[12] Doc. 234 at 14-15.

[13] Doc. 232-2 at 45-46.

risk relates to the conduct of defendants Gamblin, Carlson, Ross, Stewart, and Johnson.

### B. Testimony about Corrections Policies and Procedures

As defendants persuasively contend, Hamm lacks sufficient experience in corrections policy and procedures relevant to the incident in the case at bar to support the proposition that her opinions about those policies and procedures are reliable. To be sure, in her role as an advocate and counselor for prisoners and their families, she has acquired considerable knowledge of and experience with some aspects of prison operations. Yet, the record before the court discloses that she has no significant special knowledge of, training in, or experience with the protection of inmates from other inmates. Every argument advanced by Plaintiffs in their response to support introduction of Hamm's testimony is adequately rebutted in the Defendants' reply memorandum. Relying on and adopting the reasoning and authorities set out in the reply memo, the court concludes that Hamm's opinions about corrections policies and procedures concerning inmate safety are not reliable enough to allow her to offer expert opinion testimony.

Browning also lacks any significant experience with corrections policies and procedures. He has received some of the same training as that given to corrections officers, but there is nothing to indicate that the overlapping training concerned specific correctional policies and procedures relating to inmate safety practices. It also appears that Browning has taught courses relating to gangs whose students included correctional officers. However, teaching about gangs is different from teaching about how to manage and secure prisoners. Browning's opinions about correctional policies

and procedures–as distinct from his testimony about the dangers associated with Aryan Brotherhood and the need to protect Timothy Lucero from them–are not sufficiently reliable to be presented to the trier of fact.

While this order forecloses opinion testimony about specific correctional policies and procedures, it must be added that in the court's view Plaintiffs do not need an expert on specific policies and procedures to make a prima facie case. It will be adequate to present evidence of what those procedures actually were, the risks to the safety of Timothy Lucero posed by the Aryan Brotherhood, defendants' knowledge, what actions were actually taken or not taken to protect Lucero, and the outcome.

### IV.  CONCLUSION

For the reasons set out above, the motion at docket 232 is **GRANTED in part and DENIED** in part as follows: (1) Mattson W. Browning may give expert opinion testimony at trial about the activities and organization of the Aryan Brotherhood and the risks to Timothy Lucero associated with the Aryan Brotherhood in relation to the claims against defendants Gamblin, Carlson, Stewart, Ross, and Johnson, but he may not offer opinion testimony about corrections practices and procedures themselves.  (2) Donna Leone Hamm shall not be permitted to give expert opinion testimony at trial; and

**IT IS FURTHER ORDERED** that within fourteen (14) days from the date of this order Plaintiffs shall provide Defendants with a supplemental disclosure concerning

Mattson W. Browning which fully complies with the requirements of Rule 26(a)(2)(B)(iv) and (v).

DATED this 11th day of March 2013.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE